UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>    Plaintiff,<br>v.<br>ONEBEACON INSURANCE COMPANY<br>    Defendant. | Case No. 14-cv-4718 (PPG) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant OneBeacon Insurance Company, as successor-in-interest to General Accident Insurance Company of America ("OneBeacon"), by and through its counsel, for its Answer and Affirmative Defenses in response to the Complaint of Fireman's Fund Insurance Company ("FFIC"), states as follows:

### ANSWER

### Response to Allegations Regarding the "Nature of the Action"

1.     OneBeacon denies this paragraph to the extent it alleges that OneBeacon has failed to pay sums due and owing under a facultative reinsurance certificate. The allegations regarding the nature of the action call for a legal conclusion to which no response is required.

2.     OneBeacon admits that OneBeacon is the successor-in-interest to General Accident. OneBeacon admits that it issued a reinsurance agreement to FFIC but denies knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2.

3.     OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 3.

4. OneBeacon denies the allegations of Paragraph 4.

5. The allegations of paragraph 5 state a conclusion of law to which no response is required.

**Response to Allegations Regarding the Parties, Jurisdiction and Venue**

6. OneBeacon denies knowledge or information sufficient to form a belief as to the the truth of the allegations of paragraph 6.

7. OneBeacon admits the allegations of Paragraph 7.

8. The allegations of Paragraph 8 state a conclusion of law to which no response is required except that OneBeacon admits that FFIC asserts a claim in excess of $75,000, exclusive of interests and costs.

9. The allegations of Paragraph 9 state conclusions of law to which no response is required.

10. The allegations of Paragraph 10 state conclusions of law to which no response is required.

**Response to Allegations Regarding Facts**

**A. Background**

11. The allegations of Paragraph 10 call for conclusions of law to which no response is required. To the extent Paragraph 10 alleges facts, they are denied.

12. The allegations of Paragraph 10 call for conclusions of law to which no response is required.

**B. The Relevant Insurance and Reinsurance Agreements**

13. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 13.

14. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 14.

15. To the extent the Facultative Certificate may exist, OneBeacon refers the Court to the document's applicable terms and conditions.

**C.     The Underlying ASARCO Claims and Settlement**

16. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 16.

17. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 17.

18. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 18.

19. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 19.

20. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 20.

**D.     The Reinsurance Billings**

21. OneBeacon admits that FFIC seeks certain relief in this action. OneBeacon denies the remaining allegations of Paragraph 21.

22. OneBeacon denies the allegations of Paragraph 22.

23. OneBeacon admits that it received certain billings in January 2013 but denies the remaining allegations of Paragraph 23.

24. OneBeacon denies the allegations of Paragraph 24.

## COUNT I

## Breach of Contract

25. OneBeacon repeats and incorporates each and every response to the allegations in Paragraphs 1-25 of the Complaint as though fully set forth herein.

26. The allegations of Paragraph 21 call for a conclusion of law to which no response is required.

27. OneBeacon denies knowledge or information sufficient to form a belief as to the allegations regarding premium but denies the remaining allegations of Paragraph 27.

28. OneBeacon denies the allegations of Paragraph 28.

29. OneBeacon denies the allegations of Paragraph 29.

30. OneBeacon denies the allegations of Paragraph 30.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

31. Neither the Complaint nor any cause of action asserted therein states facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to Prove Certificate)

32. FFIC has no right of recovery against the Defendant insofar as it has failed to establish the material terms and conditions of the facultative reinsurance certificate under which it is claiming right to payments.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Meet Terms and Conditions)

33. Plaintiff has no right of recovery against the Defendant insofar as it has failed to meet the terms and conditions under the facultative reinsurance certificate.

## FOURTH AFFIRMATIVE DEFENSE
### (Breach of Policy Conditions)

34. No coverage is afforded under the facultative reinsurance certificate insofar as the Plaintiff has breached conditions of the certificate.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Underlying Policies)

35. No coverage is afforded under the facultative reinsurance certificate because FFIC has failed to exhaust underlying policies.

## SIXTH AFFIRMATIVE DEFENSE
### (*Ex Gratia* Payment)

36. Any payment by FFIC under the reinsured policy is *ex gratia* and thus not covered under the facultative reinsurance certificate.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Allocate Loss on a Reasonable Good Faith Basis)

37. Any loss paid by FFIC was not allocated to the underlying policy on a reasonable good faith basis and thus is not covered under the facultative reinsurance certificate.

## EIGHT AFFIRMATIVE DEFENSE
### (Bad Faith Allocation)

38. Any loss paid by FFIC and allocated to the underlying policy was allocated in bad faith and thus is not covered under the facultative reinsurance certificate.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Prove Losses Under the Certificate)

39. FFIC has no right of recover against the Defendant as it has failed to prove its claims and/or provide adequate proofs of loss under the facultative reinsurance certificate.

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

40. OneBeacon reserves its right to assert additional defenses upon discovery of further information concerning FFIC's claim.

## PRAYER FOR RELIEF

WHEREFORE, OneBeacon requests that this Court grant it the following relief:

1. Judgment in its favor and against FFIC as to all claims asserted by FFIC in this action;

2. Costs of this suit, attorney's fees and such other and further relief as the Court deems just and proper;

Dated: New York, New York
August 11, 2014

GAINEY McKENNA & EGLESTON

By: _____
David A. Silva (DAS 7848)
440 Park Avenue South, 5th Floor
New York, New York 10016
(212) 983-1300

And,

PRINCE LOBEL TYE LLP
Mitchell S. King (Pro Hac Vice pending)
mking@princelobel.com
Adam R. Doherty (Pro Hac Vice pending)
Adoherty@princelobel.com
100 Cambridge Street, Suite 2200
Boston, MA 02114
(617) 456-8000
*Counsel for Defendant OneBeacon Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the CM/ECF participants identified below. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants identified at the time of electronic filing.

**CHAFFETZ LINDSEY LLP.**
Steven C. Schwartz, Esq.
Karen C. Baswell, Esq.
505 Fifth Avenue, Suite 400
New York, New York 10017

*Counsel for Plaintiff Fireman's Fund Insurance Company*

/s/ Noemi Escarment
Noemi Escarment