UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FIREMAN'S FUND INSURANCE COMPANY,

        Plaintiff,

v.

ONEBEACON INSURANCE COMPANY,

        Defendant.

Case No. 14-cv-4718 (PGG)
ECF Case

**PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff, FIREMAN'S FUND INSURANCE COMPANY ("FFIC"), respectfully submits this Statement of Material Facts in support of its Motion for Summary Judgment, pursuant to Local Civil Rule 56.1.

**I. THE PARTIES**

1. FFIC is a California corporation with its principal place of business in Novato, California. (FFIC Complaint, Baswell Decl.[1] Ex. 1, at ¶6.)

2. Defendant One Beacon Insurance Company ("OneBeacon") is a Pennsylvania company with its principal place of business in Canton, Massachusetts. (*Id.* at ¶7; Defendant's Answer and Affirmative Defenses ("OneBeacon Answer"), Baswell Decl. Ex. 2, at ¶7.)

3. OneBeacon is the successor-in-interest to General Accident Insurance Company ("General Accident"). (OneBeacon Answer, Baswell Decl. Ex. 2, at ¶2.)

---

[1] "Baswell Decl." refers to the accompanying Declaration of Karen C. Baswell in Support of Plaintiff's Motion for Summary Judgment, dated May 15, 2015.

## II. THE INSURANCE AND REINSURANCE CONTRACTS

4. FFIC issued three excess liability insurance policies to Asarco Inc. ("ASARCO"). (Deposition of Gary Ibello, dated April 1, 2015 ("Ibello Dep."), Baswell Decl. Ex. 3, at 82:19-83:9.)

5. FFIC Policy No. XLX 1481698 ("Policy 1") covered the period March 15, 1982 to March 15, 1983, and covered $20 million in losses in excess of $30 million. (Ibello Dep., Baswell Decl. Ex. 3, at 82:19-22; FFIC Policy No. XLX 1481698, Baswell Decl. Ex. 7.)

6. FFIC Policy No. XLX 1534773 ("Policy 2") covered the period March 15, 1983 to March 15, 1984, and covered $20 million in losses in excess of $30 million. (Ibello Dep., Baswell Decl. Ex 3, at 82:23-83:2; FFIC Policy No. XLX 1534773, Baswell Decl. Ex. 8;.)

7. FFIC Policy No. XLX 1534774 ("Policy 3") covered the period March 15, 1983 to March 15, 1984, and covered $20 million in losses in excess of $75 million. (Ibello Dep., Baswell Decl. Ex. 3, at 83:4-9; FFIC Policy No. XLX 1534774, Baswell Decl. Ex. 9.)

8. General Accident issued Certificate of Facultative Reinsurance No. FC 4620 (the "Facultative Certificate") to FFIC. The Facultative Certificate reinsures Policy 3 and provides "$3,000,000 [part of] $20,000,000 excess of $75,000,000 excess of underlying." (Deposition of Jeffrey A. Svestka, dated April 2, 2015 ("Svestka Dep."), Baswell Decl. Ex. 4, at 72:4-73:2; Deposition of Erik Jepsen, dated April 8, 2015 ("Jepsen Dep."), Baswell Decl. Ex. 5, at 119:25-120:15; Facultative Certificate, Baswell Decl. Ex. 12.)

9. The Facultative Certificate is the reinsurance contract at issue in this action. (Svestka Dep., Baswell Decl. Ex. 4, at 71:5-17; Jepsen Dep., Baswell Decl. Ex. 5, at 119:16-22.)

## III. THE UNDERLYING ASARCO COVERAGE LITIGATION

10. In May 2001, ASARCO commenced an action in Texas state court against FFIC and its other insurers, captioned *ASARCO LLC, et al. v. Allstate Insurance Company, et al.*,

Cause No. 01-2680-D (105th Jud. Dist. Nueces County, Tex.) (later re-captioned as *ASARCO LLC, et al. v. Fireman's Fund Insurance Company, et al.*), (the "Coverage Litigation"), seeking coverage for claims alleging injury from exposure to asbestos-containing products and materials. (ASARCO's Original Petition, Baswell Decl. Ex. 13; ASARCO's Ninth Amended Petition, Baswell Decl. Ex. 14.)

11. ASARCO identified Policy 1, Policy 2, and Policy 3 as the bases for its claims against FFIC in the ASARCO Coverage Litigation. (ASARCO's Original Petition, Baswell Decl. Ex. 13, at ¶¶10, 18-21.)

12. FFIC's affirmative defenses in the ASARCO Coverage Litigation included, *inter alia*, that:

    a. ASARCO's claims were barred, in whole or in part, by the Asbestosis/Silicosis exclusions in the FFIC policies;

    b. ASARCO's claims were barred, in whole or in part, by ASARCO's failure to satisfy all conditions precedent and obligations precedent to invoke coverage under the FFIC policies, including exhaustion of all applicable aggregates;

    c. ASARCO's claims were barred to the extent damages arising from the underlying claims, when allocated pursuant to the policy terms or applicable law, fail to exhaust the applicable underlying insurance;

    d. ASARCO could not exhaust the aggregate limits of applicable underlying insurance by claims arising out of asbestosis or silicosis; and

    e. To the extent ASARCO settled with any underlying insurers for less than the applicable policy limits, ASARCO was responsible for the difference between the settlement amount and the applicable policy limits.

(FFIC Original Answer, Baswell Decl., Ex. 15. (Affirmative Defenses 12, 14); FFIC Third Amended Answer, Baswell Decl., Ex. 16 (Affirmative Defenses 9, 17, 26, 27, 30).)

13. In December 2003, FFIC filed a Motion for Summary Judgment as to Choice of Law, asserting that New York law should apply to the court's interpretation of the FFIC policies. (Fireman's Fund's Motion for Summary Judgment as to Choice of Law, Baswell Decl. Ex. 17)

14. The court denied FFIC's motion and ruled that Texas law would apply. (*See* Order dated May 27, 2004, Baswell Decl. Ex. 18)

15. Also in December 2003, ASARCO filed a Motion for Partial Summary Judgment as to Fireman's Fund's Asbestosis Exclusion, asserting that the exclusion applied only to the specific disease of "asbestosis." (Plaintiff's Motion for Partial Summary Judgment as to Fireman's Fund's Asbestosis Exclusion, dated December 22, 2003, Baswell Decl. Ex. 19.)

16. ASARCO's motion was still pending when the Coverage Litigation was stayed in May 2004 to allow ASARCO to pursue a pre-packaged bankruptcy plan. (FFIC Informational CCR dated July 2, 2004, Baswell Decl. Ex. 20, at 13-14.)

### IV. ASARCO FILES FOR BANKRUPTCY

17. ASARCO filed a Chapter 11 petition in the Bankruptcy Court for the Southern District of Texas on August 9, 2005, after several of its subsidiaries filed Chapter 11 petitions in April. (ASARCO's Voluntary Petition, Baswell Decl. Ex. 21.)

18. On November 13, 2009, the United States District Court for the Southern District of Texas entered an order confirming ASARCO's Plan of Reorganization (the "ASARCO Plan.") (Memorandum Opinion, Order of Confirmation, and Injunction, dated November 13, 2009, Baswell Decl. Ex. 22.)

19. Pursuant to the ASARCO Plan and section 524(g) of the Bankruptcy Code, on December 9, 2009 (the Plan's Effective Date), the ASARCO Asbestos Personal Injury Settlement Trust ("ASARCO Section 524(g) Trust" or "ASARCO Trust") assumed certain of

ASARCO's asbestos liabilities and insurance rights. (ASARCO Plan, Baswell Decl. Ex. 23; ASARCO Asbestos Personal Injury Settlement Trust Agreement, Baswell Decl. Ex. 24.)

## V. THE COVERAGE LITIGATION CONTINUES

20. In April 2008, ASARCO re-filed its Motion for Partial Summary Judgment as to FFIC's Asbestosis Exclusion. (Plaintiff's Motion for Partial Summary Judgment as to Fireman's Fund's Asbestosis Exclusion, dated April 30, 2008, Baswell Decl. Ex. 25.)

21. In October 2008, FFIC filed a Motion to Reconsider the court's May 27, 2004 Order on choice of law, renewing its argument that New York law should apply. (Fireman's Fund's Motion to Reconsider Prior Order for Summary Judgment as to Choice of Law, dated October 14, 2008, Baswell Decl. Ex 26.)

22. The court denied FFIC's Motion to Reconsider on October 31, 2008. (Order dated October 31, 2008, Baswell Decl. Ex. 27.)

23. In March 2009, the trial court granted ASARCO's Motion for Partial Summary Judgment as to Fireman's Fund's Asbestosis Exclusion. (Order Granting Plaintiff's Motion for Partial Summary Judgment on Fireman's Fund's Asbestosis Exclusion, dated March 11, 2009, Baswell Decl. Ex. 28.)

24. In April 2009, FFIC filed a Motion for Partial Summary Judgment regarding defense costs, asserting that the FFIC policies only provide for payment of defense costs if the costs were incurred with FFIC's consent, which it never gave. (Motion for Partial Summary Judgment dated April 21, 2009, Baswell Decl. Ex. 29.)

25. The trial court held oral arguments on FFIC's motion regarding Defense Costs on June 19, 2009, and denied FFIC's motion from the bench. (*See* Transcript of Pre-Trial Motions, dated June 19, 2009; Baswell Decl. Ex. 30, at 82:16-17.)

## VI. MEDIATION

26. In mid-2008, FFIC and ASARCO participated in a mediation. The parties exchanged mediation statements in July 2008. (FFIC Confidential Mediation Statement dated July 29, 2008 ("FFIC 2008 MS"), Baswell Decl. Ex. 31; ASARCO Mediation Statement dated July 29, 2008 ("ASARCO 2008 MS"), Baswell Decl. Ex. 32.)

27. FFIC argued, among other things, that: (i) the asbestosis exclusion in the FFIC policies was intended to exclude all asbestos-related claims; and (ii) the FFIC policies do not cover defense costs unless they are incurred with FFIC's consent. (FFIC 2008 MS, Baswell Decl. Ex. 31.)

28. FFIC also argued that even if the asbestosis exclusion was narrowly interpreted, ASARCO would still not be able to prove that covered claims reached the FFIC policies. (*Id.*)

29. ASARCO's Mediation Statement included its arguments that: (i) the asbestosis exclusion in the FFIC policies only excluded coverage for the specific disease of "asbestosis;" and (ii) FFIC would be required to pay defense costs in addition to policy limits. (ASARCO 2008 MS, Baswell Decl. Ex. 32.)

30. ASARCO also argued that "no matter what theory of allocation is applied, [ASARCO] reasonably anticipate[s] that there will be total exhaustion of all three FFIC policies as a result of past, present and future asbestos-related liabilities," based on various projections of ASARCO's total liability (past, present, and future) ranging from $400 million to $2.2 billion. (*Id.*)

31. ASARCO also noted that it had "settled with every insurance company other than FFIC and certain London Market insurance companies." (*Id.*)

32. The mediation session did not result in a settlement. (Summary of August 5 and 6 Mediation, Baswell Decl. Ex. 33)

**VII. FFIC'S EXPOSURE ANALYSES**

33. FFIC used actuarial modeling and decision tree analysis to evaluate FFIC's potential exposure to ASARCO's claims. These models were based on available data regarding the underlying claims against ASARCO, and included input from FFIC's claims professionals, actuaries, and outside counsel. (Ibello Dep., Baswell Decl. Ex. 3, at 10:21-12:15, 157:25-158:3; Deposition of Madelyn Faggella, dated April 10, 2015 ("Faggella Dep."), Baswell Decl. Ex. 6, at 18:5-22:4, 24:13-25:7, 34:19-37:23, 48:22-49:17, 105:22-107:15; FFIC ASARCO Authority Request dated July 31, 2008 ("FFIC 2008 Authority Request"), Baswell Decl. Ex. 34, at 15-18; FFIC Reserve Authority Analysis, Recommendation and Request dated November 25, 2009 ("FFIC 2009 Reserve Authority Analysis"), Baswell Decl. Ex. 35, at 8-10.)

34. In November 2009, FFIC updated its exposure analysis model to incorporate developments in the Bankruptcy and Coverage Litigation, including: (i) the adverse rulings from the trial court on FFIC's Motion for Reconsideration on the Choice of Law, ASARCO's Motion for Partial Summary Judgment regarding the asbestosis exclusion, and FFIC's Motion for Partial Summary Judgment regarding defense costs; and (ii) the Bankruptcy court's recommendation to confirm ASARCO's Plan of Reorganization. (FFIC 2009 Reserve Authority Analysis, Baswell Decl. Ex. 35, at 2.)

35. The November 2009 exposure analysis valued FFIC's exposure at $50.3 million. The $50.3 million number took into consideration present value. (*Id.* at Exhibit 1.; Faggella Dep., Baswell Decl. Ex. 6, at 120:24-121:22.)

36. In accordance with this updated exposure analysis, FFIC's claims professionals obtained an increase in settlement authority to $50 million. (FFIC 2009 Reserve Authority

-7-

Analysis, Baswell Decl. Ex. 35, at 12; FFIC Closing Report dated September 14, 2011 ("FFIC 2011 Closing Report"), Baswell Decl. Ex. 36, at FFIC_00004337.)

**VIII. THE SETTLEMENT**

37. In April 2010, FFIC and the ASARCO Trust reached a settlement in principle. FFIC agreed to pay $35.5 million for a complete policy buy-back and protection under Section 524(g) of the Bankruptcy Code. (Summary of April 19, 2010 ASARCO Negotiations, Baswell Decl. Ex. 37; FFIC 2011 Closing Report, Baswell Decl. Ex.36, at FFIC_00004338.)

38. The ASARCO Trust ultimately could not provide the complete policy buy-back, and the settlement amount was reduced to $30 million. (FFIC 2011 Closing Report, Baswell Decl. Ex. 36, at FFIC_00004338.)

39. In June 2011, FFIC and the ASARCO Trust executed a formal Settlement Agreement. (Settlement Agreement, Baswell Decl. Ex. 38).

**IX. ALLOCATION OF THE SETTLEMENT AMOUNT TO THE FFIC POLICIES**

40. Fireman's Fund allocated the $35 million settlement amount between the three FFIC policies in proportion to the allocation indicated by the November 2009 exposure analysis. (Faggella Dep., Baswell Decl. Ex. 6, at 123:25-135:16; FFIC 2011 Closing Report, Baswell Decl. Ex. 36, at FFIC_00004344; Actuarial Documentation, Baswell Decl. Ex. 39.)

41. FFIC allocated the settlement as follows:

    a. Policy 1 - $13,653,307

    b. Policy 2 - $13,242,774

    c. Policy 3 - $8,103,919

(FFIC 2011 Closing Report, Baswell Decl. Ex. 36, at FFIC_00004345.)

## X. FFIC'S BILLINGS TO ONEBEACON AND ONEBEACON'S DENIAL

42. In January 2013, FFIC billed OneBeacon under the Facultative Certificate for $1,744,250.08. FFIC's bills consisted of:

    a.     $1,215,587.85 (15% of the $8,103,919 of indemnity allocated to Policy 3)

    b.     $119,071.11 (OneBeacon's share of claim adjustment expenses paid by FFIC); and

    c.     $409,591.12 (OneBeacon's share of expenses incurred by FFIC in the Coverage Litigation).

(FFIC Invoice No. 66163, Baswell Decl. Ex. 40; FFIC Invoice No. 66172, Baswell Decl. Ex. 41.)

43. In April 2014, OneBeacon (through its claim manager, Resolute Management, Inc.), denied FFIC's claim. (Letter from E. Jepsen to J. Svestka dated April 18, 2014, Baswell Decl. Ex. 42.)

Dated: New York, New York
       May 15, 2015

                                        CHAFFETZ LINDSEY LLP

                                        By: /s/ Karen C. Baswell
                                        Steven C. Schwartz (SS 0480)
                                        Karen C. Baswell (KB 1020)
                                        505 Fifth Avenue
                                        New York, NY 10017
                                        (212) 257-6960

                                        *Counsel to Plaintiff Fireman's Fund Insurance Company*