# EXHIBIT 35

Eric Billeter /FFIC
11/30/2009 07:33 AM

To Gary F. Ibello/FFIC@FFIC
cc Paul Ginnett/FFIC@FFIC, Daniel J. Kane/FFIC@FFIC
bcc
Subject ASARCO REQUEST FOR RESERVE & SETTLEMENT AUTHORITY

### INTRODUCTION AND SUMMARY
For the reasons set forth below, we request a reserve increase in the amount of $29 million in connection with demands for coverage under three excess AZFF policies issued to ASARCO. This request is based on recent adverse litigation and bankruptcy developments (outlined below) that have substantially changed the circumstances and AZFF's potential exposure associated with these claims.

### BACKGROUND OF ASARCO AND THE 1982-1984 AZFF EXCESS POLICIES
ASARCO is principally a copper mining company, but owned subsidiaries that were involved in asbestos mining and the manufacture of asbestos cement pipe. FFIC issued three excess policies to ASARCO with $60 million in total limits.

Since ASARCO filed for bankruptcy, copper prices soared and a bidding war to gain control of ASARCO assets ensued. Asbestos creditors benefited by obtaining a Trust funded to pay out $920 million to tort claimants. Reimbursement of those payments will in turn, be sought from AZFF, along with certain costs.

### RECENT CHANGED CIRCUMSTANCES
The Texas Judge in the coverage action has issued three substantive adverse rulings. <u>First</u>, while AZFF contends that its "arising out of asbestosis" exclusion precludes coverage for all asbestos-related diseases, the Trial Court granted ASARCO's motion for partial summary judgment that the exclusion only excludes the one specific asbestos-related disease known as asbestosis. <u>Second</u>, the Trial Court denied AZFF's motion for reconsideration on choice of law. <u>Third</u>, the Trial Court denied AZFF's motion for partial summary judgment on whether or not there is coverage for defense expenses. Based on these three rulings, we anticipate losing all remaining substantive trial court rulings, including allocation and alleged present payment obligation to the Trust for future claims. In addition, it appears that the Trust will have and may well ultimately pay out $920M, increasing the chances that the AZFF excess policies will be reached.

### EXPOSURE ANALYSIS
AZFF claim and actuarial professionals, working with outside counsel, developed a risk-adjusted decision tree exposure analysis:

> The model conservatively weighted only a 30% chance that the Trust would pay out to asbestos claimants the full $920 million that the Trust received from ASARCO against a 70% chance that the total future dollars paid to asbestos claimants will instead mirror ASARCO's historical payments in the tort system, estimated at only $395 million.

> AZFF's exposure to pay toward the two weighted problem sizes then depended upon AZFF's ability to prevail on key coverage issues, either in trial court or on appeal. In particular, the model factored in issues as to choice of law, AZFF's alleged obligation to pay defense expenses, allocation (and reallocation) to policy years, immediate payment of future damages and the effectiveness of AZFF's "arising out of asbestosis" exclusion.

> This produced a best estimate of AZFF's future liability in the amount of $50 million NPV.

### RECOMMENDATION AND REQUEST FOR RESERVE AUTHORITY
Based on the above we recommend and request reserve and settlement authority of $50 million, reflecting an increase of $29 million over current reserve and settlement authority of $21 million. This


EXHIBIT
Defendant's 31

Confidential

FFIC_00013698

additional authority will be employed at the December 15, 2009 resumption of mediation before David Geronemus.

APPROVED:

_____     _____

Michael LaRocco             Jill Paterson

Coverage Chart of ASARCO Excess Policies :

Policy Number   Policy Period       Limits
XLX 1481698    3-15-82 to 3-15-83   $20 million xs $33 million eo/agg
XLX 1534773    3-15-83 to 3-15-84   $20 million xs $33 million eo/agg
XLX 1534774    3-15-83 to 3-15-84   $20 million xs $78 million eo/agg



Asarco 11-25-09 Authority Request..PPT

# AZOA Resolution Services

## ASARCO LLC

Reserve Authority
Analysis, Recommendation and Request
re AZFF Excess Policies

November 25, 2009

Our Vision: To efficiently conclude discontinued business, freeing up capital, reducing exposure and managing credit risk while guarding our reputation.



Fireman's Fund℠ Insurance Company
A company of Allianz

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013700

# Overview and Summary

- Prior Assumptions
  - The $60 million in AZFF policy limits are contained in excess policies with conditions and exclusions that should reduce AZFF exposure.
  - AZFF would seek to limit exposure by obtaining favorable rulings in coverage litigation.
  - Indications that the overall size of ASARCO's asbestos problem might be low enough so as not to impact the AZFF policy limits under certain "allocation across years" scenarios.
  - Taking into account those favorable assumptions, settlement authority of $21 million was granted in July 2008.

- Current Situation
  - Unfavorable trial court rulings in the coverage litigation (detailed in subsequent slide) since the last authority request require prior assumptions to be revisited:
    - Denial of AZFF motion to reconsider choice of law
    - Denial of AZFF motion for partial summary judgment on defense costs
    - Grant of ASARCO motion for partial summary judgment that the "arising out of asbestosis" exclusion is limited to claims asserting the disease asbestosis.
    - Given trial court unsympathetic to AZFF arguments, now anticipate adverse trial court rulings on all remaining coverage issues, including allocation.
    - Strong likelihood of Corpus Christi appellate court affirming anti-insurer rulings leaving Texas Supreme Court as AZFF's sole recourse.
  - Recent developments in the bankruptcy case (detailed in subsequent slide) also require prior assumptions to be revisited:
    - Increased size of ASARCO's pending and future asbestos-related liabilities based on expert estimation reports (provided to AZFF at August 2008 mediation and updated in summer 2009) and funding of the asbestos Trust at $920 million.
    - Trust Distribution Procedures direct 90% of the Trust dollars to more serious diseases that trial held are for the most part not excluded by the "arising out of asbestosis" exclusion.

- Recommendation
  - Based on updated analysis, we are recommending that reserves be increased from $21 million to $50 million.
  - New authority would be employed at December 15, 2009 resumption of mediation before David Geronemus.

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013701

# ASARCO Asbestos Involvement

- ASARCO is principally a copper mining company that also owned subsidiaries involved with asbestos, including LAQ that mined asbestos and CAPCO that manufactured and sold asbestos cement pipe.

| AZFF Policy Number | Effective Dates | Limits |
|---|---|---|
| XLX 1481698 | 3/15/82-83 | $20M xs $33M eo/agg |
| XLX 1534773 | 3/15/83-84 | $20M xs $33M eo/agg |
| XLX 1534774 | 3/15/83-84 | $20M xs $78M eo/agg |

- New York Branch issued, New York broker
- Headquartered in New York during policy periods

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013702

3

# ASARCO Bankruptcy

- Facing historically low copper prices and alleged environmental and asbestos claims, ASARCO LLC filed for bankruptcy protection in 2005. Since that time, the value of ASARCO's copper-related assets greatly increased and a bidding war ensued for the assets of ASARCO.

- Asbestos creditors took advantage of this bidding war to win $920 million in funding for the asbestos Trust.

- The Bankruptcy Plan just confirmed by the federal district court establishes a Trust and a Trust Distribution Procedures ("TDPs") disease valuation matrix to resolve asbestos-related claims administratively as opposed to resolving those claims in the tort system.

- Absent a stay for appeals, the Plan will go into effect and the Trust will begin to set up operations by the end of 2009.

- The coverage litigation has been assigned to the Trust, meaning that, once created, the Trust will pursue coverage under the AZFF policies.

- AZFF successfully negotiated with ASARCO and representatives for the asbestos creditors (the Asbestos Creditors Committee and the Future Claims Representative) to preserve any AZFF rights to contribution/subrogation from ASARCO and other settled carriers. However, such rights are debatable under Texas law.

- The TDPs require 90% of trust dollars to be paid for the most serious diseases (mesothelioma, lung cancer and severe asbestosis) while only 10% of the dollars will be paid for the remaining less serious claims such as the asbestosis claims still excluded by the trial court. Also, the scheduled values in the ASARCO TDPs are higher than average. While initially the claimants will receive only 22% of the scheduled value claim amount, both the scheduled values and the payment percentage may be adjusted upward and the levels of proof may be relaxed.

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013703

# Adverse Coverage Decisions by Trial Court Since Original Grant of Authority

- <u>ASARCO Inc., et al., v. American Home Assur. Co., et al.</u> was filed in June 2001, in state court in Corpus Christi, Texas, alleging breach of contract and bad faith. Trial is currently scheduled to begin August 23, 2010 before Judge J. Manuel Bañales. Judge Bañales has now issued three adverse coverage rulings against AZFF:

- **Choice of Law:** Choice of law is critically important because under New York law the asbestos claims would be allocated on a pro rata basis over many years dramatically reducing the chance of AZFF policies being reached. By contrast, the Texas Supreme Court has not decided the allocation issue, but there are problematic, though arguably distinguishable, Texas appellate court rulings. AZFF moved to reconsider the trial court's 2004 decision to apply Texas law arguing that under new cases decided since then, New York law should apply. Judge Bañales issued a one sentence decision denying the motion for reconsideration before ASARCO even filed its opposition papers.

- **"Arising out of Asbestosis" Exclusion:** Judge Bañales granted partial summary judgment to ASARCO ruling that the following AZFF exclusion only excludes claims based on the specific disease asbestosis, rather than all asbestos-related diseases:

    It is hereby agreed that these policies do not apply to any claim arising out of Asbestosis or Silicosis. It is further agreed that underlying aggregate limits are not depleted by such liabilities.

- **Defense Costs:** AZFF moved for partial summary judgment that the AZFF excess policies owe no defense obligation. At the conclusion of oral argument, Judge Bañales denied AZFF's motion without explanation, thus leaving the issue for trial. In discovery, ASARCO claims up to $35 million of unreimbursed actual and alleged defense expenses plus prejudgment interest on actual and alleged defense expenses (and funded and unfunded tort settlements) not paid by AZFF. If AZFF fails to win the defense obligation issue at trial, Texas law is undecided whether such defense expenses would be within or in addition to limits.

- **Appeal:** While AZFF plans to appeal the choice of law and asbestosis exclusion rulings and the expense issue if it is not won at trial, appeals from the trial court in Corpus Christi go to the 13th Court of Appeals, which has a very pro-plaintiff reputation, and there is no right to a hearing from the Texas Supreme Court.

Attorney-Client Privileged/Attorney Work
Product/Confidential and Proprietary

# Coverage Issues Not Yet Decided

- **Allocation/Reallocation** – Texas law is unsettled and argument remains open that Texas Supreme Court could require "pro rata" allocation of claims over many years, thus requiring a very high problem size before AZFF policies would be exposed. But intermediate Texas appellate courts are trending unfavorably, and given his recent rulings, it appears that Judge Banales would choose an "all sums/pick and spike" rule that would allow ASARCO to target AZFF years to reach and exhaust the AZFF excess policies. While AZFF successfully negotiated judgment reduction rights in the bankruptcy, reallocation may not be effective in reducing AZFF exposure depending on manner of reallocation and the ultimate size of future claims.

- **Future Claims** – ASARCO is seeking coverage now for claims that will be filed and paid in the future under TDPs established through the bankruptcy plan. ASARCO's coverage counsel won that issue for a different policyholder in a California trial court, but the California Court of Appeals reversed that opinion in *Fuller Austin*. However, there is significant risk that this trial court would either grant a motion by ASARCO that it is entitled to payment for these future claims now or leave these issues for the jury.

- **Bad Faith** – The litigation team was successful in convincing ASARCO to withdraw the "economic loss" damages part of its bad faith claim after a Texas federal court ruled that it was Grupo Mexico's actions in refusing adequately to fund ASARCO's operating expenses and in fraudulently transferring ASARCO's one profitable mine away from ASARCO that led to ASARCO's bankruptcy and not AZFF's refusal to reimburse ASARCO for asbestos liabilities. However, ASARCO has refused to withdraw it bad faith allegations and asserts that it is entitled to coverage action attorney's fees and costs as damages for these counts.

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

# Case Financials

## Underlying File Financials:

|  | Expense | Indemnity |
|---|---|---|
| Paid to Date | $10,662 | $0 |
| O/S Reserve | $314,935 | $21,000,000 |
| **Total Incurred** | **$325,597** | **$21,000,000** |

## Coverage/DRA Case Financials:

| | |
|---|---|
| Outstanding Expense Reserve | $299,066 |
| Paid To Date Expense | $8,433,466 |
| **Total Incurred** | **$8,732,532** |

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential　　　　　FFIC_00013706

# Risk-Adjusted Model of AZFF Exposure

- In light of recent developments, AZFF claim and actuarial professionals and outside counsel have collaborated to develop a risk-adjusted decision tree exposure analysis (see Exhibit 1). The decision tree evaluates the impact of key coverage issues on two different potential problem sizes and then weights those outcomes:

- Size of the Problem
  - **Trust Dollars**
    - We assume a 30% chance that the combined size of the past ($87 million) and future ($920 million) problem will be $1.007 billion, as Trust is to be funded with $920 Million and TDPs are flexible enough to enable the Trust to pay out all of that money for asbestos claims, in addition to funds expended for claims paid prior to bankruptcy.
  - **Tort Estimate**
    - We assume a 70% chance that the combined size of the past ($87 million) and future ($395 million) problem will be $482 million, based on work by the AZFF actuary who estimated the volume of asbestos claims ASARCO would have faced had it remained in the tort system, in addition to funds expended for claims paid prior to bankruptcy. (As previously discussed, some experts have come in higher even using tort system based numbers.)

- Key Coverage Issues
  - Choice of Law
  - Allocation
  - Defense Expenses
  - Future Damages
  - Varying reductions are applied to size of the problem per empirical data on how much of past, pending and future claims would likely be excluded by three increasingly broad interpretations of the "arising out asbestosis" exclusion

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

8

# Factors in Decision Tree Analysis [Projects AZFF's Payout Under Different Combinations of Problem Sizes/Legal Rulings]

**Size of the Problem**
TDP Dollars of $1.007 billion — Probability 30%
Tort Estimate of $482 million — Probability 70%

**Defense Expenses In Addition to Limits**
$15 million — Probability 50%
No defense expenses — Probability 50%

**Choice of Law**
Texas — Probability 95%
New York — Probability 5%

**Strength of AZFF Policy Exclusion**
Disease Asbestosis Excluded — Probability 96.0%
eliminates:
- 39% of past costs
- 15% of pending costs
- 10% of future costs

Asbestosis Plus Lung Cancer — 2.0%
eliminates:
- 47.5% of past costs
- 23.5% of pending costs
- 18.5% of future costs

"Asbestosis" Exclusion eliminates all claims — 2.0%

**If New York law, Allocation to Years:**
Date of First Exposure-1983 (pro rata allocation) — Probability 100%

**If Texas law, Allocation to Years:**
Date of First Exposure-1983 (pro rata allocation) — Probability 20%
Picked AZFF Years Reallocate with Other Carriers' Full Solvent Limits — 10%
Picked AZFF Years Reallocate with Just Other Carriers' Settlements — 45%
Picked AZFF Years Pay Loss without Benefit of Reallocation — 25%

**Net Present Value** — Probability
Pay Future Damages Now — 20%
Do Not Pay Futures Damages Now — 80%

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013708

# Results of Decision Tree Modeling

- Decision tree results in $50.3 million net present value exposure based upon current modeling parameters.
- Decision tree does not include attorneys fees or certain other alleged bad faith damages (ASARCO's coverage attorney fees incurred from June 2005 to October 2009 alone are over $7 million).
- Decision tree does not include risk of prejudgment interest on defense and/or indemnity (which if awarded could be calculated at 6% per year dating back to 2004).
- Resulting range of possible outcomes
  - Best case payout is $0, but only given a 2% likelihood of success.
  - Given trial judge and intermediate appellate court, real possibility of AZFF being ordered to pay full policy limits plus prejudgment interest after unsuccessful appeal, plus $15 million defense, plus opposing coverage counsel attorney fees, plus certain other bad faith and statutory damages (range could be $90 million to $100 million).
  - Range does not include the risk that bad trial court rulings will hurt AZFF in its other asbestos matters. Most importantly, strong likelihood of bad decision holding that after a confirmed asbestos bankruptcy a carrier has to pay now for claims that will be processed in the future under the TDPs approved as part of the Bankruptcy Plan. (Would be only such precedent in the country after such a trial court ruling in *FullerAustin* was reversed on appeal.)
  - Range does not include very substantial projected AZFF coverage litigation fees and expenses for this fact and expert intensive coverage litigation.

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013709

# Settlement Negotiations

- Mediation session held on August 5 & 6, 2008 with David Geronemus in New York City.
- Negotiating for ASARCO were Chair of Asbestos Creditors Committee (Al Brayton) and ACC Counsel (Sandy Esserman); Future Claims Representative (Robert Pate) and FCR Counsel (Tate); ASARCO General Counsel (Doug McAllister) and coverage counsel Anderson Kill (Bob Horkovich, Rhonda Orin and Michele Gallagher).
- Negotiating for AZFF were Eric Billeter and settlement counsel Crowell & Moring (Cliff Hendler and Patricia Connally).
- BID AND ASK
  - ASARCO opened negotiations with demand for full policy limits of **$60 million**. Justified this high demand by contending that AZFF was also facing exposures beyond policy limits such as underlying defense costs, bad faith damages and ASARCO coverage fees.
  - AZFF Countered with increase from **$5.9 to $10 million**
  - ASARCO countered with **$54.5 million**
  - AZFF increased to **$13 million**
  - ASARCO countered with **$51.5 million** and condition that AZFF increase next offer to at least **$30 million**
- The mediation recessed at this point, as we were not willing to move into that range.
- Given that AZFF has lost three successive substantive rulings, we anticipate that opposing counsel may increase demand based on belief that trial court and intermediate appellate court will continue to rule for ASARCO.
- Mediation session planned for December 15, 2009 with David Geronemus.

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013710

# Recommendation

- Set indemnity and reserve settlement authority for $50 million, which represents a $29 million increase over current authority.
- Continue to aggressively litigate the coverage action.
- Attempt to negotiate a resolution on favorable terms through the mediation process.

12

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Confidential

FFIC_00013711

# Exhibit 1

## Model Based on Risk-Adjusted Exposure

Attorney-Client Privileged/Attorney Work Product/Confidential and Proprietary

Privileged and Confidential
Attorney-Client Communication
Attorney Work Product

ASARCO Reserve Authority
Exhibit 1

## Asarco Decision Tree Analysis

**Ground-Up Indemnity w/o exclusions = $462 M**

| | Nominal Indemnity Payout ($M) | Nominal Defense Payout ($M) | Nominal Payout ($M) | Probability |
|---|---|---|---|---|
| **Texas:** | | | | |
| Pick FF Yrs, Reallocate to Solvent, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 18% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $0.0 | $0.0 | $0.0 | 9% |
| Pick FF Yrs, Allocate Settlements First, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 41% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 23% |
| Pick FF Yrs, Reallocate to Solvent, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.5 | 0% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $0.0 | $0.0 | $0.0 | 0% |
| Pick FF Yrs, Allocate Settlements First, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.5 | 1% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.4 | 0% |
| **New York:** | | | | |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $0.0 | $0.0 | $0.0 | 5% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $0.0 | $0.0 | $0.0 | 0% |
| **Texas / New York:** | | | | |
| Total Asbestos exclusion on Past Costs Prevails | $0.0 | $0.0 | $0.0 | 2% |
| **Grand Total** | $50.9 | $6.3 | $65.5 | 100% |

Probability 70%

## Asarco Decision Tree Analysis

**Ground-Up Indemnity w/ no exclusions = $1007 M**

| | Nominal Indemnity Payout ($M) | Nominal Defense Payout ($M) | Nominal Payout ($M) | Probability |
|---|---|---|---|---|
| **Texas:** | | | | |
| Pick FF Yrs, Reallocate to Solvent, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 18% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $17.6 | $0.0 | $17.3 | 9% |
| Pick FF Yrs, Allocate Settlements First, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 41% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $60.0 | $7.5 | $67.5 | 23% |
| Pick FF Yrs, Reallocate to Solvent, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.5 | 0% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $16.2 | $0.0 | $16.2 | 0% |
| Pick FF Yrs, Allocate Settlements First, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.5 | 1% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $60.0 | $7.5 | $67.5 | 0% |
| **New York:** | | | | |
| Pro-Rata Allocation, Policy Exclusions Past Costs 39% | $17.6 | $0.0 | $17.6 | 5% |
| Pro-Rata Allocation, Policy Exclusions Past Costs 47.5% | $16.2 | $0.0 | $16.2 | 0% |
| **Texas / New York:** | | | | |
| Total Asbestos exclusion on Past Costs Prevails | $0.0 | $0.0 | $0.0 | 2% |
| **Grand Total** | $52.8 | $6.3 | $63.1 | 100% |

Probability 30%

### Choice of Law
| | Probability |
|---|---|
| Texas | 95.0% |
| New York | 5.0% |

### If Texas, Allocation to Years:
| | Probability |
|---|---|
| Pro-Rata (DOFE 1952 to Asbestos Exclusions 1983) | 10.0% |
| 1958-1983 (allocation to available insurance limits) | 20.0% |
| All Sums - spike years, settlement $s pp first | 45.0% |
| All Sums - spike years, no reallocation | 25.0% |

### If New York, Allocation to Years:
| | Probability |
|---|---|
| Pro-Rata (DOFE 1952 to Asbestos Exclusions 1983) | 100.0% |

**Strength of FF/IO policy exclusions varies for past, pending and future**

Asbestosis and Employee exclusions eliminate 39% of past, 15% percent of pending and future 10% claims costs.

| | |
|---|---|
| Asbestosis and Employee exclusions eliminate 47.5% of past, 23.5% of pending and 18.5% of future claims costs | 100.0% |
| Asbestosis and Employee exclusions eliminate 100% of past, pending and future claims costs | 20% |
| | 2.0% |

### Additional Defense - TX
7.5

### Additional Defense - NY
0.0

| | Nominal Indemnity Payout ($M) | Nominal Defense Payout ($M) | Nominal Payout ($M) | Present Value of Payout ($M) |
|---|---|---|---|---|
| Weighted Total | $1.0 | $5.3 | $67.3 | $46.5 |

| | Probability | Outcome |
|---|---|---|
| **Fuller Austin Argument** | | |
| Limits Exposed Immediately | 20% | $57.4 |
| Limits Exposed Over Time | 80% | $46.5 |
| **Expected Value** | 100% | $50.3 |

Confidential

FFIC_00013713

CNVPath:DOC:ACTIVE\LANG\0009741060_1; DecisionTreeExh