**45**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FIREMAN'S FUND INSURANCE COMPANY,

Plaintiff,

v.

ONEBEACON INSURANCE COMPANY,

Defendant.

Case No. 14-cv-4718 (PGG)
ECF Case

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO NOTICE OF RULE 30(b)(6) DEPOSITION OF FIREMAN'S FUND INSURANCE COMPANY**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Fireman's Fund Insurance Company ("FFIC") hereby responds to Defendant OneBeacon Insurance Company's ("OneBeacon") Notice of Rule 30(b)(6) Deposition of FFIC (the "Notice").

## GENERAL OBJECTIONS

1.      FFIC objects to the Deposition Topics to the extent that they seek information that is not known by or reasonably available to FFIC.  The representative or representatives FFIC designates to testify as to any Deposition Topic will testify only as to information known by or reasonably available to FFIC.

2.      FFIC objects to the Deposition Topics to the extent they are overbroad, vague, ambiguous, cumulative, or otherwise unclear as to the subject matter for which testimony is sought.

3.      FFIC objects to the Deposition Topics to the extent they seek information protected from discovery by the attorney-client privilege, the work-product doctrine, or any other privilege, protection, or immunity applicable under governing law ("privileged information").



EXHIBIT
Defendant's 2
Aw 4/1/15

4.      FFIC objects to the Deposition Topics to the extent they seek confidential or proprietary information or trade secrets, including but not limited to information concerning other reinsurance or reinsurers ("confidential documents" or "confidential information").

5.      FFIC objects to the Deposition Topics to the extent they call for testimony regarding subject matter that is not relevant to the claims or defenses in this litigation.

6.      FFIC reserves the right to object to particular questions or lines of inquiry during the deposition of any representative designated in response to the Notice.

## SPECIFIC OBJECTIONS

### TOPIC NO. 1

*The 1982 $20M x/s $30M Policy, including but not limited to, the underwriting of that policy, any reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy and any amounts FFIC billed to reinsurers under reinsurance contracts covering that policy.*

### RESPONSE:

In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information about the 1982 $20M x/s $30M Policy that is not relevant to the claims and defenses in this litigation, including, but not limited to, information regarding reinsurers other than OneBeacon. FFIC further objects to this Topic because the information available regarding the underwriting of the 1982 $20M x/s $30M Policy, the reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy, and the amounts FFIC billed to reinsurers under reinsurance contracts covering that policy is contained in documents already produced to OneBeacon. Subject to the foregoing General and Specific Objections, FFIC designates: (i) Jeffrey A. Svestka to testify concerning

reinsurance related issues on Topic No. 1; and (ii) Gary F. Ibello to testify concerning non-reinsurance related issues on Topic No. 1.

## TOPIC NO. 2

*The 1983 $20M x/s $30M Policy, including, but not limited to, the underwriting of that policy, any reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy and any amounts FFIC billed to reinsurers under reinsurance contracts covering that policy.*

## RESPONSE:

In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information about the 1983 $20M x/s $30M Policy that is not relevant to the claims and defenses in this litigation, including, but not limited to, information regarding reinsurers other than OneBeacon. FFIC further objects to this Topic because the information available regarding the underwriting of the 1983 $20M x/s $30M Policy, the reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy, and the amounts FFIC billed to reinsurers under reinsurance contracts covering that policy is contained in documents already produced to OneBeacon. Subject to the foregoing General and Specific Objections, FFIC designates: (i) Jeffrey A. Svestka to testify concerning reinsurance related issues on Topic No. 2; and (ii) Gary F. Ibello to testify concerning non-reinsurance related issues on Topic No. 2.

## TOPIC NO. 3

*The 1983 $20M x/s $75M Policy, including, but not limited to, the underwriting of that policy, any reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy and any amounts FFIC billed to reinsurers under reinsurance contracts covering that policy.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information about the 1983 $20M x/s $75M Policy that is not relevant to the claims and defenses in this litigation, including, but not limited to, information regarding reinsurers other than OneBeacon.  FFIC further objects to this Topic because the information available regarding the underwriting of the 1983 $20M x/s $75M Policy, the reinsurance covering that policy, the reinsurance premium paid by FFIC in connection with that policy, and the amounts FFIC billed to reinsurers under reinsurance contracts covering that policy is contained in documents already produced to OneBeacon.  Subject to the foregoing General and Specific Objections, FFIC designates: (i) Jeffrey A. Svestka to testify concerning reinsurance related issues on Topic No. 3; and (ii) Gary F. Ibello to testify concerning non-reinsurance related issues on Topic No. 3.

**TOPIC NO. 4**

*The 1983 Facultative Certificate, including, but not limited to, the underwriting of that certificate and the premiums paid pursuant to the certificate.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous as stated, as FFIC did not "underwrite" the 1983 Facultative Certificate.  FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation.  FFIC further objects to this Topic because the information available regarding the premiums paid pursuant to the 1983 Facultative Certificate is contained in documents already produced to One Beacon.  Subject to the foregoing General and Specific Objections, FFIC designates Jeffrey A. Svestka to testify concerning Topic No. 4.

4

**TOPIC NO. 5**

*FFIC's proofs of loss with regard to reinsurance billed under any of the Fireman's Fund Policies in connection with the 2011 Settlement Agreement.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation, including, but not limited to, information regarding reinsurers other than OneBeacon. FFIC further objects to this Topic because the information available is contained in documents already produced to OneBeacon. Subject to the foregoing General and Specific Objections, FFIC designates Jeffrey A. Svestka to testify concerning Topic No. 5.

**TOPIC NO. 6**

*All defenses FFIC asserted in response to the ASARCO Claim, including, but not limited to, any exhaustion defense.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation. FFIC further objects to this Topic because the information available is contained in documents already produced to One Beacon. Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 6

**TOPIC NO. 7**

*The exhaustion of all policies underlying each of the Fireman's Fund Policies, including, but not limited to, the limits of underlying policies and amounts paid by underlying insurers.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation, and to the extent it seeks information not known or reasonably available to FFIC. FFIC further objects to this Topic because the information available is contained in documents already produced to OneBeacon. Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 7.


**TOPIC NO. 8**

*FFIC's interpretation of the terms and provisions of the Fireman's Fund Policies, including, but not limited to, all terms and provisions regarding limits of liability and exhaustion.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous as stated, in that it is not specific as to time. FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation. Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 8.


**TOPIC NO. 9**

*FFIC's interpretation of the terms and provisions of the 1983 Facultative Certificate.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous as stated, in that it is not specific as to time. FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in

6

this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Jeffrey

A. Svestka to testify concerning Topic No. 9.


**TOPIC NO. 10**

*FFIC's exposure analysis in connection with the ASARCO Claim.*

**RESPONSE:**

  In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous

as stated, in that it is not specific as to time.  FFIC also objects to this Topic as overbroad and

unduly burdensome to the extent it seeks information not relevant to the claims and defenses in

this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates

Madelyn Faggella to testify concerning Topic No. 10.


**TOPIC NO. 11**

*FFIC's allocation of the amount paid under the 2011 Settlement Agreement to the Fireman's
Fund Policies.*

**RESPONSE:**

  Subject to the foregoing General Objections, FFIC designates Gary F. Ibello to testify

concerning Topic No. 11.


**TOPIC NO. 12**

*FFIC's guidelines and/or procedures with regard to claim handling, including the allocation of
loss payments between multiple triggered policies.*

**RESPONSE:**

  In addition to the General Objections, FFIC objects to this Topic because the term "claim

handling" is overbroad, vague, and ambiguous, and because the Topic is not specific as to time.

FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks

information not relevant to the claims and defenses in this litigation.  Subject to the foregoing

General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No.

12.

**TOPIC NO. 13**

*FFIC's guidelines and/or procedures with regard to reinsurance claim handling, including the allocation of ceded reinsurance claims.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic because the term

"reinsurance claim handling" is overbroad, vague, and ambiguous, and because the Topic is not

specific as to time.  FFIC further objects to this Topic as overbroad and unduly burdensome to

the extent it seeks information not relevant to the claims and defenses in this litigation.  Subject

to the foregoing General and Specific Objections, FFIC designates Jeffrey A. Svestka to testify

concerning Topic No. 13.

**TOPIC NO. 14**

*FFIC's general practice with regard to the use of rising bathtub allocations in asbestos cases.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic because the term "rising

bathtub allocations" is vague and overbroad.  FFIC further objects to this Topic as overbroad and

unduly burdensome to the extent it seeks information not relevant to the claims and defenses in

this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Gary

F. Ibello to testify concerning Topic No. 14.

**TOPIC NO. 15**

*FFIC's general practice with regard to the use of rising bathtub allocations related to ceded reinsurance claims.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic because the term "rising bathtub allocations" is vague and overbroad.  FFIC further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Jeffrey A. Svestka to testify concerning Topic No. 15.

**TOPIC NO. 16**

*FFIC's general practice with regard to the use of pro-rata allocation in asbestos cases, including the use of pro-rata allocation with regard to multiple triggered FFIC policies at different layers and in different policy years.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic because the term "pro-rata allocation" is vague and overbroad.  FFIC further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 16.

## TOPIC NO. 17

*FFIC's general practice with regard to the use of pro-rata allocation related to ceded reinsurance claims.*

## RESPONSE:

In addition to the General Objections, FFIC objects to this Topic because the term "pro-rata allocation" is vague and overbroad.  FFIC further objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Jeffrey A. Svestka to testify concerning Topic No. 17.

## TOPIC NO. 18

*FFIC's general practice with regard to exhaustion as it concerns payments under underlying policies, whether the underlying policies are issued by FFIC or another insurer.*

## RESPONSE:

In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation, and because the Topic is not specific as to time.  Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 18.

**TOPIC NO. 19**

*FFIC's understanding of applicable law at the time of the 2011 Settlement Agreement and the impact, if any, of applicable law or potentially applicable law had on its exposure analysis and allocation.*

**RESPONSE:**

      In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous as stated. FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation. FFIC further objects to this Topic because the information available is contained in documents already produced to OneBeacon. Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 19.

**TOPIC NO. 20**

*The 2011 Settlement Agreement, including, but not limited to, the negotiation and approval of the agreement..*

**RESPONSE:**

      In addition to the General Objections, FFIC objects to this Topic as vague, overbroad, and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation. Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 20.

**TOPIC NO. 21**

*Reserves FFIC set in connection with the ASARCO Claim.*

**RESPONSE:**

In addition to the General Objections, FFIC objects to this Topic as vague and ambiguous as stated, in that it is not specific as to time.  FFIC also objects to this Topic as overbroad and unduly burdensome to the extent it seeks information not relevant to the claims and defenses in this litigation.  Subject to the foregoing General and Specific Objections, FFIC designates Gary F. Ibello to testify concerning Topic No. 21.

Dated:       New York, New York
             March 27, 2015

                                    CHAFFETZ LINDSEY LLP

                                    Steven C. Schwartz (SS 0480)
                                    Karen C. Baswell (KB 1020)
                                    505 Fifth Avenue, 4th Floor
                                    New York, NY 10017
                                    Tel. (212) 257-6960
                                    Fax (212) 257-6950
                                    *Attorneys for Plaintiff*
                                    *Fireman's Fund Insurance Company*

To:    Mitchell S. King
       Adam R. Doherty
       PRINCE LOBEL TYE LLP
       100 Cambridge Street, Suite 2200
       Boston, MA 02114
       (617) 456-8000

       David A. Silva
       GAINEY MCKENNA & EGLESTON
       440 Park Avenue South, 5th Floor
       New York, NY 10016
       (212) 983-1300

       *Attorneys for Defendant OneBeacon Insurance Company*

12

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2015, a copy of the foregoing document, Plaintiff's Responses and Objections to Notice of Rule 30(b)(6) Deposition of Fireman's Fund Insurance Company, was served by mail and electronic mail on counsel of record for the Defendant in this case.

Karen C. Baswell