UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

FIREMAN'S FUND INSURANCE
COMPANY,

                          Plaintiff,

                        - against -

ONEBEACON INSURANCE COMPANY
as successor-in-interest to GENERAL
ACCIDENT INSURANCE COMPANY OF
AMERICA,

                          Defendant.

**ORDER**

14 Civ. 4718 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Fireman's Fund Insurance Company ("Fireman's") brings this action against OneBeacon Insurance Company, alleging that OneBeacon breached its obligation to make certain reinsurance payments under a Certificate of Facultative Reinsurance No. FC 4620, effective March 15, 1983 to March 15, 1984 (the "Certificate"). On October 19, 2020, this Court granted Fireman's motion for summary judgment and denied OneBeacon's cross-motion for summary judgment, finding that OneBeacon is bound to accept Fireman's settlement and allocation (the "Order"). (Order (Dkt. No. 70)) The Order directs Fireman's to submit a proposed judgment, with an affidavit explaining its calculations, by October 26, 2020. (Id. at 26) The Order directs OneBeacon to file any objections by November 2, 2020. (Id.)

        On October 26, 2020, Fireman's submitted a proposed judgment. On November 2, 2020, OneBeacon objected to that portion of Fireman's proposed judgment addressing the accrual date for prejudgment interest. (See Dkt. Nos. 71, 73) Fireman's asserts that the appropriate accrual date for prejudgment interest is February 17, 2013 – 31 days after it made a

claim for payment – while OneBeacon asserts that the appropriate accrual date is April 16, 2013 – 90 days after Fireman's made a claim for payment. (Id.)

Determining the accrual date for prejudgment interest turns on when Fireman's claim for payment became due and payable under the Certificate. The Certificate includes a "prompt payment" provision. While the Certificate does not specify the time period within which payment of a claim must be made, the Certificate states that payment "will be made by the Reinsurer to the Company promptly following receipt of proof of loss." (Certificate (Dk. 74-1) ¶ 4) (emphasis added)

In contending that the prejudgment interest accrual date is 31 days after Fireman's filed its claim, Fireman's relies on New York CPLR § 5001(b), which provides that prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed[.]" (See Dkt. No. 76) Fireman's asserts that setting the prejudgment interest accrual date as 31 days from the date of its claim is consistent with the statute. (Id.) In support of its argument, Fireman's cites Aetna Casualty & Surety Co. v. Home Insurance Co., 882 F. Supp. 1328 (S.D.N.Y. 1995), where the court awarded prejudgment interest beginning 30 days from the cedent's demand for payment in a facultative reinsurance contract case. (Id. (citing Aetna Casualty, 882 F. Supp. at 1353-54)). Fireman's also asserts that the Second Circuit "cited [the prejudgment interest award] aspect of the [Aetna Casualty] decision with approval in Olin Corporation v. OneBeacon America Insurance Company, 864 F.3d 130, 152 (2d Cir. 2017)."[1] (Id.)

---

[1] Fireman's also notes that in Employers Insurance Co. of Wausau v. OneBeacon Insurance Co., 13-cv-85-bbc, 2013 WL 12233844 (W.D. Wis. July 8, 2013), OneBeacon "argued that prejudgment interest should begin running 30 days from the date of a bill." (Id.) As OneBeacon points out, however, in Employers Insurance, OneBeacon relied on a Wisconsin statute that

In response, OneBeacon argues that "in cases involving facultative reinsurance with prompt payment provisions, . . . the reinsurer is entitled to time to properly evaluate the claim and payment is customarily made within ninety (90) days from the date on which the reinsurer is in receipt of information sufficient to accept or deny the claim." (Dkt. No. 73, ¶ 5) In support of this argument, OneBeacon submits a declaration from Betsy Mitchell, a reinsurance manager who has "worked in the reinsurance industry for thirty-two years,"[2] in which she states that "[b]ased on [her] experience in the reinsurance industry . . . it is customary for the reinsurer to have reasonable time to evaluate the direct claim, and allocation, consider cedant response to any questions raised and to pay claims within ninety days from the date on which the reinsurer receives information sufficient to accept or deny the claim[.]" (Mitchell Decl. (Dkt. No. 74) at ¶¶ 1-5)

OneBeacon further contends that (1) Aetna Casualty is not on point, because the facultative reinsurance certificate at issue did not include a "prompt" payment provision, and the accrual date for prejudgment interest was not in dispute; and (2) in Olin, the Second Circuit merely cited with approval Aetna Casualty's conclusion that the plaintiff's claim matured when the defendant failed to comply with the plaintiff's demand for payment. (See Dkt. No. 77) (citing Aetna Casualty, 882 F. Supp. at 1354-55; Olin, 864 F.3d at 152))

Courts have broad discretion in determining the accrual date for prejudgment interest. See Olin, 864 F.3d at 152 ("Courts are afforded 'wide discretion in determining a

---

requires payment within 30 days of demand, whereas the statute that governs here – N.Y. CPLR § 5001(b) – does not contain a specific 30-day requirement. (See Dkt. No. 77 (citing Empls. Ins. Co., 2013 WL 12233844, at *4; Wis. Stat. § 628.46))
[2] Mitchell states that she is a reinsurance manager at Armour Risk Management, Inc., which is an "agent of defendant OneBeacon Insurance Company." (Mitchell Decl. (Dkt. No. 74) at ¶ 1) The business relationship between Armour Risk and OneBeacon is not further explained.

reasonable date from which to award pre-judgment interest.'") (quoting Conway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994)); AGCS Marine Ins. Co. v. World Fuel Svcs., Inc., 220 F. Supp. 3d 431, 443 (S.D.N.Y. 2016) (same). "In contract actions, the task is to ascertain the date of breach." Granite Ridge Energy, LLC v. Allianz Glob. Risk U.S. Ins. Co., 979 F. Supp. 2d 385, 393 (S.D.N.Y. 2013) (citing Katzman v. Helen of Troy Tex. Corp., No. 12 Civ. 4220 (PAE), 2013 WL 1496952, at *7 n.3 (S.D.N.Y. Apr. 11, 2013); Brushton-Moira Cent. Sch. Dist. v. Fred H. Thomas Assocs., 91 N.Y.2d 256, 261 (1998)). And in the insurance context, "[a]n insurer breaches its coverage obligation where it fails to comply with its insured's demand for indemnity." Olin, 864 F.3d at 152; see also Aetna Casualty, 882 F. Supp. at 1353 ("[T]he accrual of Aetna's cause of action can be identified as maturing when [the defendant] failed to comply with Aetna's demand that it indemnify Aetna for payments made in connection with its settlement[.]").

    Here, the Court concludes that the 31-day accrual period sought by Fireman's is reasonable. CPLR § 5001(b) requires that prejudgment interest be computed "from the earliest ascertainable date the cause of action existed," and while Fireman's cites a case in which a 30-day period was applied, OneBeacon has cited no case demonstrating that a "prompt payment" provision – in the context of facultative reinsurance – means that the carrier has 90 days to pay a claim.

    Accordingly, for purposes of calculating the Court's award of prejudgment interest, such interest began to accrue on February 17, 2013 – 31 days after Fireman's made its claim for payment.

## **CONCLUSION**

For the reasons stated above, the accrual date for the Court's award of prejudgment interest is February 17, 2013.

Dated: New York, New York
       November 30, 2020

SO ORDERED.

*Paul G. Gardephe*
_____
Paul G. Gardephe
United States District Judge